UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROMMEL BURDINE,

      Petitioner,
 v.
                      9:18-CV-1132
                      (TJM)
M. THOMS, Superintendent,

      Respondent.

---

APPEARANCES:                OF COUNSEL:

ROMMEL BURDINE.
Petitioner, pro se
14-B-1141
P.O. Box 2500
Marcy, NY 13403

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

On September 20, 2018, petitioner Rommel Burdine filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a memorandum of law, and documents related to his state court proceedings. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Petitioner's Memorandum of Law in Support of the Habeas Petition ("P. Mem."); Dkt. No. 1-2, Exhibits ("Ex.") He also submitted the statutory filing fee. Dkt. Entry dated 09/20/18 (indicating receipt number for paid filing fee).

For the reasons that follow, petitioner is directed to file an affirmation addressing the issues discussed herein.

## II. THE PETITION AND EXHIBITS

Petitioner challenges a 2014 judgment of conviction in Onondaga County, upon a jury verdict, of two counts of third degree criminal possession of a controlled substance and one count of second degree criminally using drug paraphernalia. Pet. at 1; *see also People v. Burdine*, 147 A.D.3d 1471, 1472 (4th Dep't 2017); Ex. at 15.[1] The New York State Supreme Court, Appellate Division, Fourth Department, unanimously affirmed the judgment. *Burdine*, 147 A.D.3d at 1474; *accord* Ex. at 15. Subsequently, a motion for reargument was granted in part and, upon reargument, the court's prior order was amended; however, the Fourth Department ultimately affirmed the conviction, holding that petitioner's "guilt is overwhelming[.]" *People v. Burdine*, 149 A.D.3d 1626; *see also* Pet. at 2, Ex. at 13. On June 8, 2017, the Court of Appeals denied leave to appeal. Pet. at 2; *accord People v. Burdine*, 29 N.Y.3d 1076 (2017); Ex. at 11.

Liberally construing the petition, petitioner contends that he is entitled to federal habeas relief because his Fourth Amendment rights were violated when his conviction was supported by evidence obtained pursuant to an unconstitutional search and seizure. Pet. at 3; P. Mem. at 3-6. For a complete statement of petitioner's claims, reference is made to the petition, memorandum of law, and attachments.

## IV. DISCUSSION

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[2]

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

---

[2] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

3

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1931 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *see Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

In this case, the Fourth Department affirmed petitioner's conviction on February 10, 2017; ultimately affirmed the conviction again on reargument on April 28, 2017; and the Court of Appeals denied leave to appeal further on June 8, 2017. *Burdine,* 147 A.D.3d at 1474, *on reargument* 149 A.D.3d 1626, *lv. denied*, 29 N.Y.3d 1076. Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on September 6, 2017, when the time to seek certiorari expired. *Thaler,* 565 U.S. at 149. Petitioner had one year from that date, or until September 6, 2018, to file a timely federal habeas petition. The present petition, signed on September 7, 2018,[3] is a day late.

Further, it does not appear that the statute of limitations should be statutorily or

---

[3] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

4

equitably tolled. Petitioner's petition indicates that he did not file any other collateral attacks to his state court convictions and that he has no other appeals pending. Pet. at 2, 5.

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). Accordingly, the Court will give petitioner an opportunity to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order explaining why the statute of limitations should not bar his petition. The affirmation shall not exceed fifteen (15) pages in length. If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

## V.     CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition. The affirmation shall not exceed fifteen (15) pages in length. Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied. If petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. No answer to the petition will be required from the respondent until

petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further;

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: September 26, 2018

Thomas J. McAvoy
Senior, U.S. District Judge